1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUIS ZAVALA,** | )   **NO. CV 15-3408-KS** |
|        **Plaintiff,** | ) |
|    **v.** | )   **MEMORANDUM OPINION AND ORDER** |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of Social Security,** | ) |
|        **Defendant.** | ) |
| _____ | ) |

## INTRODUCTION

Plaintiff filed a Complaint on May 6, 2015, seeking review of the denial of his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On March 10, 2016, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 13.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 17.) On August 16, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the

1

undersigned United States Magistrate Judge.  (Dkt. Nos. 16, 24, 25.)  The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 1, 2011, plaintiff, who was born on November 20, 1973, protectively filed applications for DIB and SSI.[1]  (*See* Administrative Record ("AR") 16, 159, 185.) Plaintiff alleged disability commencing December 1, 2008 due to:  depression; high blood pressure; and a left knee problem.  (*Id.* 185.)  Plaintiff previously worked as a tow-truck driver (DOT 919.663-026) (AR 46, 186); security guard (DOT 372.667-034) (*id.* 46); and auto repossessor (DOT 241.367-022) (*id.*).   After the Commissioner denied plaintiff's applications initially (*id.* 108-113), plaintiff requested a hearing (*id.* 114).  Administrative Law Judge Ariel L. Solotengo ("ALJ") held hearings on November 21, 2012 and September 24, 2013.  (*Id.* 53-90 (transcript of November 21, 2012 hearing), 32-52 (transcript of September 24, 2013 hearing).)  Plaintiff, who was represented by counsel, testified at both hearings.  (*See* AR 35-46, 56-81, 87-89.)  In addition, Elizabeth Brown-Ramos testified as a vocational expert at the November 21, 2012 hearing (*id.* 81-87) and David Rinehart testified as a vocational expert at the September 24, 2103 hearing (*id.* 46-51).   On November 12, 2013, the ALJ issued an unfavorable decision, denying plaintiff's applications for DIB and SSI.  (*Id.* 13-27.)  On March 16, 2015, the Appeals Council, after receiving additional evidence that it made part of the record, denied plaintiff's request for review.  (*Id.* 1-6.)

\\

\\

\\

\\

---

[1]      Plaintiff was 35 years old on the alleged onset date and thus met the agency's definition of a younger person. *See* 20 C.F.R. § 404.1563(c), 416.963(c).

2

1

2

## SUMMARY OF ADMINISTRATIVE DECISION

3
4
5
6
7
8
9
10
11
12
13
14

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 and, although plaintiff had earned some money in 2010, had not engaged in substantial gainful activity since the alleged onset date of December 1, 2008. (AR 18.) The ALJ further found that plaintiff had the following severe impairments: "asthma; mild lumbar degenerative disease; mild osteoarthritis of the left knee; and depression." (*Id.*) The ALJ also noted that plaintiff suffered from hypertension, but the ALJ found that this impairment was not severe. (*Id.* 19.) The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.* 23.) The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as follows:

15

16
17
18
19
20
21
22

[Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk 4 hours in an 8-hour workday, and sit 4 hours in an 8-hour workday, with a sit/stand option. [Plaintiff] can engage in occasional postural activities. [Plaintiff] is to avoid concentrated exposure to dust, fumes, gases, and other lung irritants. [Plaintiff] is limited to simple, repetitive work that does not require understanding/following complex or detailed instructions, or work that requires concentration for prolonged periods.

23

24
25
26
27

(*Id.* 20) The ALJ found that plaintiff was unable to perform his past relevant work as a guard, auto repossessor, or tow-truck driver but was capable of performing jobs that exist in significant numbers in the national economy, including the representative occupations of shoe packer (DOT 920.687-166) and assembly, small parts (DOT 706.684-022). (*Id.* 26-27).

28

1   Accordingly, the ALJ determined that plaintiff had not been under a disability, as defined in
2   the Social Security Act, from the alleged onset through the date of the ALJ's decision.  (*Id.*
3   27.)

5                                    **STANDARD OF REVIEW**

7          Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to
8   determine whether it is free from legal error and supported by substantial evidence in the
9   record as a whole.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence
10  is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a
11  reasonable mind might accept as adequate to support a conclusion.'"  *Gutierrez v. Comm'r of
12  Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).  "Even when the
13  evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's
14  findings if they are supported by inferences reasonably drawn from the record."  *Molina v.
15  Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

17         Although this Court cannot substitute its discretion for the Commissioner's, the Court
18  nonetheless must review the record as a whole, "weighing both the evidence that supports
19  and the evidence that detracts from the [Commissioner's] conclusion."  *Lingenfelter v.
20  Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted);
21  *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ
22  is responsible for determining credibility, resolving conflicts in medical testimony, and for
23  resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

25         The Court will uphold the Commissioner's decision when the evidence is susceptible
26  to more than one rational interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.
27  2005).  However, the Court may review only the reasons stated by the ALJ in his decision
28  "and may not affirm the ALJ on a ground upon which he did not rely."  *Orn*, 495 F.3d at

                                              4

630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISCUSSION

Plaintiff alleges the following error:  the ALJ erred at step 3 of the sequential analysis in finding that plaintiff's mental impairment did not meet or equal a listed impairment, namely Listing 12.05C.  (Joint Stip. at 4-10.)

## I.   <u>Standard.</u>

At step three of the sequential evaluation process, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in the Appendix to federal regulations.[2]   20 C.F.R. §§ 404.1520(d), 416.920(d).  Conditions set forth in the Listing of Impairments ("Listings") are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs."  *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1525, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings.  *See Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).  To meet or equal Listing 12.05C for intellectual disability, plaintiff must show all of the following:

---

[2]     The Appendix can be found at 20 C.F.R., Pt 404, Subpt. P, App. 1.

(1)  he suffers "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairments before age 22";

(2)  he has "a valid verbal, performance, or full scale IQ of 60 through 70"; and

(3)  he has "a physical or *other* mental impairment imposing an additional and significant work-related limitation of function."

20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.

"[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987).  This requirement is met when plaintiff has an additional impairment that is "severe" under 20 C.F.R. §§ 404.1520(c), 416.920(c) – that is, when plaintiff has an additional impairment that the ALJ found was "severe" at step 2 of the sequential analysis.  20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.00(A).

## II.  **The ALJ's Decision.**

The ALJ did not refer to Listing 12.05C in his decision or explain his rationale for finding that plaintiff's mental impairment did not satisfy its requirements.  (*See generally* AR 19-20.)  Instead, the ALJ limited his discussion at step 3 to "the Listing[s] pertaining to the Musculoskeletal System and the Respiratory System" and Listing 12.04 (affective disorders).  (*Id.* 19.)  The ALJ explained that he had determined that plaintiff's impairments did not meet or equal the criteria of Listing 12.04 because, *inter alia*, plaintiff's mental impairment "does not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration."  (*Id.*)

6

III.    **The ALJ Failed To Support His Finding That Plaintiff Does Not Satisfy Listing 12.05C.**

It appears from the Joint Stipulation that the parties agree that plaintiff satisfied two of criteria for Listing 12.05C – that is, they agree that plaintiff has:  (1) a valid full scale IQ score of 70 (AR 431 (reported by the consulting clinical psychologist, Ahmad R. Riahinejad, Ed. S., Ph.D., on April 10, 2013)); and (2) another "impairment imposing an additional and significant work-related limitation of function," namely asthma, mild lumbar degenerative disease, and mild osteoarthritis of the left knee (AR 18).  (Joint Stip. at 10-12); *see also* 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.  Accordingly, the sole issue in dispute is whether the ALJ should have found that plaintiff also satisfies the first criterion (significantly subaverage general intellectual functioning that initially manifested before age 22).

However, the ALJ never mentioned Listing 12.05C in his decision.  (*See generally* AR 19-20.)  Instead, he limited his discussion at step 3 to "the Listing[s] pertaining to the Musculoskeletal System and the Respiratory System" and Listing 12.04 (affective disorders).  (*Id.*)  Accordingly, despite plaintiff's apparent satisfaction of two of the criteria for Listing 12.05C (IQ score and other additional, significant work-related limitation) and his presentation of some evidence concerning the third criterion (significantly subaverage intellectual functioning that initially manifested before age 22),[3] the ALJ made <u>no</u> findings about whether plaintiff satisfied any Listing 12.05C criteria.

---

[3]     Plaintiff's school records show that plaintiff was recommended for testing for a learning disability when he was in the fifth grade, but his parents refused to allow testing and instead requested that he repeat the fifth grade.  (AR 343.)  Plaintiff similarly testified that he was held back in the fifth grade because his reading and writing were below grade level.  (*Id.* 78.)  He testified that repeating fifth grade did not help him progress as a student.  (*Id.*)  Plaintiff's sixth grade teacher also reported that, despite plaintiff repeating fifth grade, he performed "below grade level in most areas" and demonstrated an "inability to read," "low attention span," and inability to follow directions.  (*Id.* 343.)  Plaintiff's grades in the subsequent school years suggest that he struggled in the core academic subjects.  (*Id.* 341.)

Plaintiff testified that he is unable to determine whether he receives the right change after a cash purchase.  (AR 78.)  In his March 21, 2012 adult function report, plaintiff wrote that he cannot go out of the house alone because "[he] always get[s] lost."  (*Id.* 204.)  He added that he is "very forgetful," "can't keep track of things," is unable to handle a savings account, and is "slow comprehending things."  (*Id.*)  On April 10, 2013, consulting clinical psychologist Ahmad R. Riahinejad, Ed. S., Ph.D., observed that plaintiff "could not recite the alphabet correctly" and diagnosed plaintiff with,

Given the ALJ's silence, the parties can only intuit the ALJ's rationale for concluding at step 3 that plaintiff's mental impairment does not meet or equal Listing 12.05C. However, the Court is not similarly free to posit *post hoc* rationalizations for the ALJ's determination.  *See Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Bray v. Astrue*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett*, 340 F.3d at 874 ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts.").  Because the Court cannot ascertain, much less review, the basis for the ALJ's conclusion that plaintiff does not satisfy the Listing 12.05C criteria, the matter must be remanded for further consideration unless the ALJ's error is harmless.  *See Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F.Supp. 1273, 1276 n. 2 (C.D. Cal. 1996) (remand is appropriate when a decision does not adequately explain how a decision was reached because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council").

## IV.     The ALJ's Error At Step 3 Of The Sequential Analysis Is Not Harmless.

An ALJ's error is harmless only if it is inconsequential to the ALJ's ultimate nondisability determination or if, despite any legal error, "the agency's path may reasonably be discerned." *Brown-Hunter*, 806 F.3d at 492.  These conditions are not satisfied here.

---

*inter alia*, borderline intellectual functioning.  (*Id.* 432.)  However, Dr. Riahinejad stated that plaintiff is capable of managing funds on his own behalf and could understand, remember, and carry out simple and repetitive instructions.  (*Id.* 433.)

First, plaintiff's full scale IQ score of 70 is relevant – although not dispositive – evidence of his IQ prior to age 22.  *Cf. Strickland v. Colvin*, No. EDCV 14-0283-MAN, 2015 WL 1728354, at \*5 (C.D. Cal. Apr. 15, 2015) (valid IQ tests are widely treated as establishing a rebuttable presumption of a fairly constant IQ throughout a claimant's life); *Thorsborne v. Colvin*, No. CV 14-08352-AS, 2015 WL 6758121, at \*3-4 (C.D. Cal. Nov. 5, 2015) (adopting rebuttable presumption that a claimant's IQ is fairly constant throughout a claimant's life); *Ramirez v. Colvin*, No. CV 13-5473 JC, 2014 WL 360183, \*6 (C.D. Cal. Jan. 31, 2014) (same); *Schuler v. Astrue*, No. 09-2126-PLA, 2010 WL 1443892, at \*6 (C.D. Cal. Apr.7, 2010) (same); *see also Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001) (same); *Muncy*, 247 F.3d at 734 (same); *Luckey v. U.S. Dep't of Health & Hum. Servs.*, 890 F.2d 666, 668 (4th Cir. 1989) (same); *Guzman v. Bowen*, 801 F.2d 273, 275 (7th Cir. 1986) (same); *but see Frear v. Astrue*, No. CV 12-4532-JPR, 2013 WL 454902, at \*5 n.6 (C.D. Cal. Feb. 6, 2013) ("Some circuits, although not the Ninth, have held that an IQ score of 70 or below at any age creates a rebuttable presumption that the person had deficits in adaptive functioning before age 22.  The Court is not persuaded by those cases for the reasons expressed in *Rhein v. Astrue*, No. 1:09–cv–01754–JLT, 2010 WL 4877796, at \*7 (E.D. Cal. Nov. 23, 2010), and for the additional reason that this presumption would seemingly apply in every case where Listing 12.05C was at issue.") (internal citations omitted).

Second, plaintiff's academic records, which show that he repeated fifth grade, was recommended for testing for a learning disability, and performed below grade level, support the view that plaintiff manifested subaverage intellectual functioning before age 22.  *See supra* footnote 3.  Third and finally, the record shows that plaintiff dropped out of high school after 10th grade and has no G.E.D. or high school diploma (AR 47), facts which may be indicative of a lack of motivation – or an undiagnosed intellectual disability.  In light of the foregoing and the other evidence indicating that plaintiff exhibits subaverage intellectual functioning, including his purported inability to recite the alphabet (AR 432), the ALJ's

apparent failure to consider whether plaintiff satisfied the criteria for Listing 12.05C was not harmless.

Accordingly, the matter must be remanded for further consideration.  On remand, the ALJ shall:  consider plaintiff's full scale IQ score, his academic records, and any other relevant evidence; and articulate specific reasons supported by substantial evidence for finding that plaintiff has, or has not, satisfied the criteria for Listing 12.05C.  Finally, the ALJ may wish to solicit additional evidence, such as the statements of one of plaintiff's parents or siblings, psychological examinations, and/or the opinion of a medical expert, to fully develop the record.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." (internal quotation marks and citations omitted)).

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

1
2

**CONCLUSION**

3
4
5

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

6
7
8
9

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

10
11

LET JUDGMENT BE ENTERED ACCORDINGLY.

12
13

DATE: August 24, 2016

14
15
16

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

17
18
19
20
21
22
23
24
25
26
27
28